| Judge DAVID S. GORBATY.
Thomas G. Wood appeals a summary judgment granted in -favor of his liability insurer, Great Northern Insurance Company. For the following reasons, we affirm.
FACTS:
On the weekend prior to Mardi Gras of 1996, a group of evangelists gathered in *76 front of the Café Lafitte in Exile bar on Bourbon Street to protest what they perceived to be the sins and evils of the Mardi Gras celebration. Thomas G. Wood, the owner of Café Lafitte, returned to the bar after visiting another neighborhood bar. As he approached, he observed people yelling and screaming in front of his place of business. Wood testified that one man in particular was standing in the doorway of his establishment, blocking the doorway and yelling into a megaphone. The police had been summoned twice, but had not responded yet. Wood grabbed a water hose from the rear of his business, and began to spray the crowd. He particularly focused on Jonas Robertson, one of the named plaintiffs in this matter, because Robertson was the man yelling into the | ¡.megaphone. According to Wood, the crowd on Bourbon Street was becoming angry and hostile, and a riot seemed imminent. After Wood sprayed the crowd and Robertson for approximately 30 minutes, a struggle ensued between Wood and Robertson. Wood admitted that he punched Robertson in the shoulder.
Robertson and other members of his group filed suit against Wood, his liability insurer, Great Northern Insurance Company (GNIC), and other defendants not involved in the instant appeal. GNIC filed a motion for summary judgment on the grounds that the damages claimed were excluded under the “business pursuits” and “intentional acts” clauses of the policy issued to Wood.
The trial court granted GNIC’s motion, and Wood appealed.
DISCUSSION:
Louisiana Code of Civil Procedure art. 966A (2) provides that “the summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action.... The procedure is favored, and shall be construed to accomplish these ends.” When the mover has submitted evidence establishing the absence of material factual disputes and that it is entitled to judgment as a matter of law, “an adverse party may not rest on the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.” La Code Civ. Proc. arts. 966C (1), 967. Summary judgments are reviewed on appeal de novo, applying the same standard as used by the trial court. Magnon v. Collins, 98-2822, p. 5 (La.7/7/99); 739 So.2d 191, 195.
13GNIC moved for summary judgment on the basis that the policy issued to Wood contained both a “business pursuits” clause and an “intentional acts” clause, either of which precluded coverage for the damages claimed of by plaintiffs. In support of its motion, GNIC attached a copy of Wood’s deposition and a copy of the policy in question.
The two pertinent exclusions read as follows:
Intentional acts. We do not cover any damages arising out of an act intended by any covered person to cause personal injury or property damage, even if the injury or damage is of a different type than actually intended or expected. An intentional act is one whose consequences could have been foreseen by a reasonable person, but we do cover such damage if the act was intended to protect people or property unless another exclusion applies.
Business pursuits. We do not cover any damages arising out of a covered person’s business pursuits, investment or other for-profit activities, for the account of a covered person or others, or business property. (Exceptions omitted.)
*77 Wood claims that the language contained in the intentional acts clause does not clearly and unambiguously exclude coverage under the facts of the case. He argues that there exists a genuine issue of material fact as to whether he intended to injure Robertson or the other plaintiffs, or if he even committed an intentional act as defined by the policy. He also claims that there exist genuine issues of material fact as to whether he was engaged in a business pursuit at the time of the incident.
Wood claims he was not protecting his business when he doused the crowd with a hose, but, rather, was attempting to prevent a riot in the street. Wood stated in his deposition that this incident would not really hurt his business in the middle of Mardi Gras. He was only providing a public service when he hosed the crowd.
[¿Upon reading Wood’s deposition testimony, we conclude that no genuine issues of material fact exist as to the application of either the intentional acts or business pursuits clause. Wood testified that the bar manager told him that the police had not responded after being summoned twice. Wood saw Robertson “preaching out into the bar, disrupting the customers, blocking the door. Just basically obstructing business, I guess. Terrorizing customers more than anything else,” so Wood “grabbed the hose and hosed [Robertson] down.” Wood confirmed that Robertson was interfering with the bar’s business because his “obnoxious” behavior was stopping people from entering the bar. Further, although Wood claimed that he struck Robertson in self-defense, there is no testimony to indicate that Robertson started the physical confrontation. Wood admitted to hosing Robertson for approximately 30 minutes, aiming mostly at the megaphone in an attempt to cause a “short.” Wood was distracted at some point, and when he turned his attention back to Robertson, Robertson was on the ground. Wood claimed that Robertson then “started coming towards me and has the megaphone up, and then I sort of shoved and hit him, and then everything stopped.” Wood admitted that prior to his hosing Robertson, there were no threats made to him by any of the protesters.
The intentional acts clause specifically provides that the damage suffered need not be the same as that intended or expected. Wood admitted that he intended to douse Robertson with the hose, and, specifically, to deactivate the megaphone. He further admitted that he struck Robertson on his shoulder. Although he denies that he did anything to cause Robertson to lose his teeth, under the policy it does not matter if Wood intended that injury to occur. Clearly a reasonable person could foresee that a person being doused with a hose for 30 minutes might react at |Ksome point. Further, Wood’s claims that he was preventing a riot are totally self-serving. He claims that he was not protecting his business interests, obviously because that would invoke the business pursuits clause of the policy, but was protecting people walking in the streets for whom he had no responsibility.
Accordingly, for the reasons set forth, we find no error in the trial court’s granting of summary judgment in favor of GNIC.
AFFIRMED.